IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERTRAM MUSIC COMPANY, et al.,

    Plaintiffs,                                CIV. NO. S-07-1766 LEW GGH

    vs.

YEAGER HOLDINGS OF CALIFORNIA, INC.,
and STEVEN ANDREA YEAGER,

                                              FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

        Plaintiffs' motion for entry of default judgment against defendants Yeager Holdings of California, Inc. and Steven Andrea Yeager, filed October 24, 2007, was submitted on the record. Local Rule 78-230(h). Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

        On August 27, 2007, plaintiffs filed the underlying complaint in this action against defendants, alleging defendants' place of business known as Sports Page Bar & Grill, had engaged in the unauthorized public performance of five copyrighted songs. The summons and complaint were personally served on defendant Yeager both as agent for service and as defendant, on September 13, 2007. Fed. R. Civ. P. 4(e)(2). Pacific Atlantic Trading Co. v. M/V

1

Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendants have failed to file an answer or otherwise appear in this action.  On October 22, 2007, the clerk entered default against defendants Yeager Holdings of California, Inc. and Steven Andrea Yeager.

The instant motion for default judgment and supporting papers were served by mail on defendants at their last known address.  Defendants filed no opposition to the motion for entry of default judgment.  Plaintiffs seek an entry of default judgment in the amount of $10,000 in statutory damages, $1,468.00 in costs, $1,175.00 in attorneys' fees, and a permanent injunction.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

To prevail on a claim for copyright infringement, plaintiff must establish ownership of a valid copyright and unauthorized copying of original elements of the work by the defendant.  Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).  Plaintiffs have alleged ownership of valid copyright registrations in the musical compositions that defendants allegedly publicly performed without authorization.  See Complaint ("Compl."), at ¶¶ 3, 7-10; Schedule A.  Plaintiffs have also alleged unauthorized public performances of the compositions.  Compl., at ¶ 12.  The complaint is sufficiently plead and states a claim for copyright infringement.

Plaintiffs need not prove those actual damages to recover the statutory damages they seek.  Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 1997).  Plaintiffs seek statutory damages as authorized by 17 U.S.C. § 504(c), in the amount of $10,000.00.  Compl., at ¶ II; Motion for Entry of Default Judgment

("Motion"), at 5:26-6:2. The court notes that defendants did not bother to respond to this action in any way, and thereby forfeited any argument they may have had to contest the amount of damages. The court deems defaulting defendants, by their failure to appear or defend this action, to have waived any objections to the statutory source of the damages prayed for in the instant motion. The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment supports the finding that plaintiffs are entitled to the relief requested. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Remedies

Plaintiffs seek statutory damages in the amount of $10,000.00, $872.00 in pre-suit investigation costs, $596.00 in litigation costs, $1,175.00 in attorneys' fees, and a permanent injunction.

A. Injunction

Plaintiffs seek an injunction to enjoin defendants from performing any songs owned by plaintiffs or any other songs in the repertory of the American Society of Composers, Authors and Publishers ("ASCAP") without prior authorization. Motion, at 4:4-7.

Federal copyright laws authorize injunctive relief for copyright infringement. Elektra Ent. Group, Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D.Cal. 2005 (citing 17 U.S.C. § 501, 502(a)). "A court may order a permanent injunction 'to prevent or restrain infringement of [the owner's] copyright.' Generally, a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction." Sega Enterprises Ltd. v. Maphia, 948 F. Supp. 923, 940 (N.D. Cal. 1996) (quoting 17 U.S.C. § 502) (finding access to equipment that allowed defendant to continue to illegally download and distribute game programs constituted a threat of continued violation); see also, MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 520 (9th Cir. 1993); Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1073 (D. Ariz. 2006) (granting a permanent injunction upon entry

of default judgment against defendant in a copyright infringement action).

Here, as discussed above, plaintiffs have established defendants' liability for copyright infringement. Furthermore, defendants' failure to respond to this lawsuit suggests an indifference to the unlawful nature of their infringing activity and a lack of intent to cease this activity. See Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) (granting permanent injunction in a copyright infringement action as part of a default judgment because "defendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease"). Accordingly, based on the foregoing, this court finds that the requested injunctive relief is appropriate and recommends that it be granted.

B. Statutory Damages

Where a plaintiff prevails in a copyright infringement case, 17 U.S.C. § 504(c) provides for an award of statutory damages in a sum of not less than $750 or more than $30,000 for each infringement, as the court considers just. Moreover, pursuant to 17 U.S.C. § 504(c)(2), a court has discretion to increase the award of statutory damages to $150,000 per infringement where an infringer's conduct is found to be willful. "Statutory damages are particularly appropriate in a case . . . in which defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages." Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).

Here, plaintiffs seek a reasonable amount ($2,000) for each alleged act of infringement (five in total), for a total of $10,000.00. See Motion, at 5:26-6:2; Compl., Schedule A. The court finds that the amount of statutory damages sought by plaintiffs is reasonable and just.

C. Costs and Attorneys' Fees

Pursuant to 17 U.S.C. § 505, courts have discretion to award "the recovery of full costs and reasonable attorney fees" in cases of copyright infringement. 17 U.S.C. § 505. Here, plaintiffs seek litigation costs in the amount of $596.00 for filing fees, service of process, and

costs associated with them.  These requested costs are reasonable.  <u>See</u> Plant Decl.

Plaintiffs also seek $872 in pre-suit investigation costs.  Although plaintiffs have set forth documentation supporting their claimed pre-suit investigation costs, they have identified no legal authority in support of this request.  <u>See</u> Jones Decl., Ex. B.

In general, the court has discretion to award costs under 17 U.S.C. § 505.  Courts have used their discretion to come to different conclusions on the issue of investigative costs.  <u>See</u> <u>Girlsongs v. Haddock</u>, 2008 WL 905221, *4 (E.D. Cal. 2008) (declining to award pre-investigation costs as part of damages because plaintiffs elected statutory rather than actual damages); <u>United Features Syndicate, Inc. v. Spree, Inc.</u>, 600 F. Supp. 1242, 1248 (D.C. Mich. 1984) (awarding statutory damages but denying cost of investigator because it was not a cost of litigation); <u>Cross Keys Pub. Co., Inc. v. LL Bar T Land & Cattle</u>, 887 F. Supp. 219, 224 (E. D. Mo. 1995) (approving of investigation costs but awarding statutory damages only without explanation).  <u>Cf.</u> <u>Impulsive Music v. Bryclear Enterprises, LLC</u>, 483 F. Supp.2d 188, 191 (D. Conn. 2007) (awarding statutory damages and investigator's costs); <u>Paramount Pictures Corporation v. Sullivan</u>, 546 F. Supp. 397, 399 (D. Maine 1982) (same); <u>Close-Up International, Inc. v. Berov</u>, 2007 WL 4053682 (E.D.N.Y. 2007) (awarding investigation costs after parties settled on damages amount); <u>Arthur Kaplan Company, Inc. v. Panaria International, Inc.</u>, 1999 WL 253646 (S.D.N.Y. 1999) (awarding investigation costs following previous award of unspecified damages).

This court is of the opinion that investigative costs are part of actual damages.  Where plaintiffs have elected to seek statutory damages, their request for investigative costs will be denied.

Plaintiffs' request for attorney fees is reasonable and supported by detailed billing documentation.  <u>See</u> Plant Decl.  Therefore, plaintiffs will be awarded $1,175 in fees and $596 in costs.

\\\\\

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that plaintiffs' motion for entry of default judgment be GRANTED. Judgment should be rendered in the amount of $10,000.00 in statutory damages, $596.00 in costs, and $1,175.00 in fees. A permanent injunction should be granted against defendants as specified herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/05/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Bertram1766.def.wpd